UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH A STANFORD,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT INC.; CISCO SYSTEMS INC.; DEPARTMENT OF DEFENSE; INTERNAL REVENUE SERVICE; BILL GATES; GOVERNMENT ACCOUNTABILITY OFFICE,<br><br>Defendants. | CASE NO. 2:24-cv-01738-JNW<br><br>ORDER |

## 1.  INTRODUCTION

The Court raises this matter on its own accord. Pro se Plaintiff Joseph A. Stanford pursues this action in forma pauperis (IFP) against Defendants Microsoft, Inc., Cisco Systems, Inc., Department of Defense, Internal Revenue Service, Bill Gates, and Government Accountability Office. Dkt. No. 4, 5. After reviewing the complaint, Dkt. No. 5, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Stanford fails to state a claim on which relief may be granted. The Court grants leave to amend the complaint within 30 days of this Order.

**ORDER** - 1

## 2. DISCUSSION

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

At the same time, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the

duties imposed on the Court by Section 1915 are unwavering, and when a pro se IFP plaintiff fails to state a claim, the action must be dismissed.

Here, Stanford's complaint is mostly incoherent. The complaint is composed of countless run-on sentences whose meaning is indecipherable. For example, in the section of the complaint where the plaintiff must articulate the constitutional or statutory rights that were violated, Stanford writes:

> "One State all States: Government and defendants deprived by a-separate and failed to secure products and services of procurement rights of citizen and procurement rights of securing a nation of depravity and suffrage of trademark connections and utilities resources connections and resource net worth treasury values connections and related financing and related uses of industry computer systems networking of utility and depravity and deprived where after the fact renders of aid and immunity"

Dkt. No. 5 at 3. The Court can make no sense of this language. Likewise, in the section in which the plaintiff must state the date and time of the events giving rise to the claim, Stanford writes:

> "time and dates over 1000 per month identity theft and groups of large numbers random and high into low of over 10 major tries and leave without resurface per Indianapolis Indiana complaint 2007 Philadelphia Penn and identity theft and arrival interrogative subject on top and over 1000 per city of funnels of properties to understand to steal piracy part out and over 1000 major companies trying piracy part out since 2016-2024 submits to ICANN.org and FBI ICE and State attorney General against"

*Id.* at 4. Again, the Court can make no sense of this language. And—as one final example among many possible others—in the section in which the plaintiff must state their requested relief, Stanford writes:

> "1.5 trillion dollars punitive amounts paid and payments and restitution amounts with immunity to another country and surgeon care to repair and recruitment package for chemistry business dire of resources of

**ORDER** - 3

> fossil fuels and gerontology accommodations and hotel stay at executive styles paid of royalties at once: Government and Defendants charge back receivers of mass industries (listed chargeback and At large) within 24 hours of 10/12/2024 and rescue to citizenship to another country and travel arrangements at all hours and punitive at risk issues resolved with group wide citation from OSHA and group presence citations present on camera with large groups of lines versus lines and as well for sale items to marketing implementation (or) full immunity dual citizenship with another country mediation with pro bono relief being sought with Defendants.

*Id.* at 5. Once again, the Court can make no sense of this language.

The rest of Stanford's complaint reads similarly—that is, like a random string of words whose sequencing and interrelation lacks any rhyme or reason. The Court cannot make sense of any of Stanford's factual or legal assertions. The complaint thus fails to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

## 3. CONCLUSION

The Court FINDS that the operative complaint, Dkt. No. 5, fails to state a claim on which relief may be granted. But rather than dismissing the case outright, the Court GRANTS Stanford leave to amend the complaint and ORDERS Stanford, within thirty (30) days of this Order, to submit an amended complaint that states a claim on which relief may be granted. The amended complaint should contain a clear, concise, coherent statement of the factual and legal basis for Stanford's claims. Failure to comply with this Order will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

Dated this 21st day of November, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 4